Scott E. Gizer, Esq., Nevada Bar No. 12216
  *sgizer@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
  *slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Kevin S. Sinclair, Nevada Bar Number 12277
  *ksinclair@sinclairbraun.com*
SINCLAIR BRAUN LLP
16501 Ventura Boulevard, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendant
FIDELITY NATIONAL TITLE INSURANCE COMPANY

DESIGNATED LOCAL COUNSEL FOR SERVICE OF
PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
LAS VEGAS, NEVADA 89121

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE, FOR PARK PLACE SECURITIES, INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WHQ2,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC.; FIDELITY NATIONAL TITLE INSURANCE COMPANY; LAND TITLE OF NEVADA, INC.; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-00996<br><br>**DEFENDANT FIDELITY NATIONAL TITLE INSURANCE COMPANY'S PETITION OF REMOVAL** |



**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE** that defendant Fidelity National Title Insurance Company ("FNTIC") hereby files the instant petition of removal removing the instant action to the United States District Court for the District of Nevada (the "District Court"), from Nevada's Eighth District Court in and for Clark County (the "State Court"), pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446.

1. Plaintiff Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-WHQ2 ("Wells Fargo") first filed this action on May 24, 2021 in the State Court. Wells Fargo originally named as defendants Fidelity National Title Group ("FNTG"), FNTIC, and Land Title of Nevada, Inc. ("Land Title"). A true and correct copy of the Complaint is attached hereto as **EXHIBIT ONE.**

2. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a) because: (i) this action is a civil action pending within the jurisdiction and territory of the United States District Court for the District of Nevada; (ii) the action is between citizens of different states; (iii) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and (iv) all procedural requirements for removal are met.

3. ***There is Complete Diversity of Citizenship Between the Parties***. FNTG is a Delaware corporation with its principal place of business in Florida.[1] Thus, it is a citizen of Delaware and Florida. FNTIC is a Florida corporation with its principal place of business in Jacksonville, Florida. It is therefore a citizen of Florida.[2] Land Title was a Nevada corporation with its principle place of business in Nevada. It was therefore a citizen of Nevada. Wells Fargo alleges that it is a national banking association chartered under the laws of the United States with its main office in the State of California. Ex. 1 [Complaint]. ¶ 1. It is therefore a citizen of

---

[1] Wells Fargo erroneously alleges that FNTG is a Florida corporation. Even if this were so, FNTG would be (and is) a citizen of Florida.

[2] Wells Fargo erroneously alleges that FNTIC is a Nebraska corporation with its principal place of business in Florida. Even if this were so, FNTIC would be a citizen of Nebraska and Florida and diverse from each plaintiff.



California for diversity purposes. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (national bank association is citizen of state where its main office is located). Thus, there is complete diversity of citizenship between and among the parties.

4. ***No Defendant Has Been Served***. Neither FNTIC, FNTG, nor Land Title has been served with the complaint and summons. As such, FNTIC need not obtain the consent of the co-defendants to removal. However, to the extent that such consent is needed, FNTIC is informed and believes that FNTG, which is a corporate affiliate FNTIC, does consent.

5. Land Title was fraudulently joined to this action in a misguided attempt to defeat removability. Not only did Land Title not underwrite the Policy nor undertake any obligation or make any representation to Wells Fargo, but **Land Title dissolved over a decade ago**, on September 24, 2010. Nevada has a statute of repose for claims against a dissolved entity; any claims not brought within three years of the dissolution are barred. NRS 78.585. ***All of Wells Fargo's causes of action against Land Title are therefore inarguably time-barred***.

6. Even if they were not time-barred, it would be plain that Land Title is a sham defendant, as all of Wells Fargo's causes of action arise out of a policy of title insurance underwritten by United Capital Title Insurance Company ("United Capital," FNTIC's predecessor in interest), not Land Title. *See* Ex. 1 [Complaint] p. 30 [Policy]:

> SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, UNITED CAPITAL TITLE INSURANCE COMPANY…herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage…sustained or incurred by the insured by reason of [eight enumerated risks].

The Policy provides that it was underwritten solely by United Capital. *Id*. Land Title did not underwrite the Policy, nor did it handle the title insurance claim on which Wells Fargo is suing. Wells Fargo knew this, as it tendered its claim to United Capital and not Land Title. *See* Ex. 1 [Complaint], ¶, 88, pp. 631-632. Wells Fargo has named Land Title even though it knows that, as

a matter of law, Land Title could not have any liability on the Policy.

Wells Fargo's other allegations against Land Title are similarly spurious (and again included only to try to defeat removability). Wells Fargo alleges that it relied to its determinant upon Defendant's representations that Form 100 would provide coverage and made other representations. *See* Ex. 1 [Complaint], ¶ 155. Elsewhere in its complaint, Wells Fargo concedes that no such representations were made to it (i.e., Wells Fargo). To the extent that Wells Fargo contends that such statements were made to Wells Fargo's alleged predecessor in ownership of the $280,000 loan (the "Loan") referenced in Wells Fargo's complaint, such statements would not be actionable by Wells Fargo, as the statute of limitations has long since expired and, in any event, such claims are non-assignable. Wells Fargo could not have standing to sue Land Title on such theories (assuming Wells Fargo had an otherwise meritorious claim against Land Title, which it does not). Finally, as further indication that Land Title was fraudulently joined, the statutes of limitations on Wells Fargo's deceptive trade practices claims (NRS 41.600, NRS 598.0915, and NRS 686A.310) have long since expired.

7. **The Amount in Controversy Exceeds $75,000**. The complaint in this action seeks both monetary and nonmonetary relief. Wells Fargo contends that it was the beneficiary of a deed of trust (the "Deed of Trust") recorded against that certain real property commonly known as 1628 Cordoba Lane, Las Vegas, Nevada 89109 (the "Property") to secure repayment of the Loan. Ex. 1 (Complaint) ¶¶ 54, 63-65.  In its suit against the new owners of the Property (Clark County Case No. A-14-706221-C, the "Underlying Action"), Wells Fargo contended that the amount owing on the loan as of April 29, 2015 exceeded $275,000, and has ostensibly only increased since that time. *See* Ex. 1 [Complaint] p. 616, ¶ 47 (Ex. 16, Underlying Action Cross-Complaint). It is FNTIC's understanding that by this action, Wells Fargo is seeking to recover (i) all losses or damages, up to the $280,000 Amount of Insurance, sustained by Wells Fargo as a result of the HOA's foreclosure sale; (ii) the balance due on the Loan, the lien of which upon the Property was impaired by the Underlying Action; (iii) its attorney fees in the Underlying Action; (iv) its attorney fees in this action; and (v) punitive damages. Thus, the amount in controversy in this action substantially exceeds the $75,000 jurisdictional minimum of this District Court.



8. **FNTIC Timely Filed This Notice of Removal**. This action was filed on May 24, 2021. Thus, there can be no dispute that Defendants timely filed the instant notice of removal (i.e., within the 30-day period prescribed by 28 U.S.C. § 1446(b)(1), and less than one year after the action was initiated, as required by 28 U.S.C. § 1446(c)(1)).

9. **Notice to the State Court and All Adverse Parties.** FNTIC will give notice of this removal to all adverse parties in the action and to the State Court promptly after the filing of the instant Notice of Removal, in compliance with the requirements of 28 U.S.C. § 1446(d).

10. **All Pleadings from the State Court Action Have Been Attached**. The only pleadings from the State Court Action are attached hereto as **EXHIBIT ONE** and **EXHIBIT TWO.**

11. **This Notice Complies with Fed. R. Civ. P. 11.** This Notice of Removal is hereby signed pursuant to Fed. R. Civ. P. 11(a).

12. Accordingly, as FNTIC has complied with all applicable terms of 28 U.S.C. § 1446, it hereby removes this action in intervention from the State Court to the District Court, and it hereby requests that further proceedings be conducted in the District Court as provided by law.

Respectfully submitted,

Dated: May 24, 2021

EARLY SULLIVAN WRIGHT
    GIZER & McRAE LLP

By:  /s/-Scott E. Gizer
   SCOTT E. GIZER
   Attorneys for Defendant
   FIDELITY NATIONAL TITLE INSURANCE
   COMPANY

Dated: May 24, 2021

SINCLAIR BRAUN LLP

By:  /s/-Kevin S. Sinclair
   KEVIN S. SINCLAIR
   Attorneys for Defendant
   FIDELITY NATIONAL TITLE INSURANCE
   COMPANY

