Scott E. Gizer, Esq., Nevada Bar No. 12216
  *sgizer@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
  *slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Kevin S. Sinclair, NV Bar No. 12277
  *ksinclair@sinclairbraun.com*
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendant
FIDELITY NATIONAL TITLE INSURANCE COMPANY

DESIGNATED LOCAL COUNSEL FOR SERVICE OF
PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
Las Vegas, Nevada 89121

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No.: 2:21-CV-00996-APG-DJA |
| Plaintiff, | **SIGNED STATEMENT REGARDING REMOVED CASE** |
| vs. | |
| FIDELITY NATIONAL TITLE GROUP, INC. et al., | |
| Defendants. | |

### TO THE ABOVE CAPTIONED COURT, ALL PARTIES AND THEIR

### ATTORNEYS OF RECORD:

The undersigned attorneys at Early Sullivan Wright Gizer & McRae LLP and Sinclair

Braun LLP, counsel of record for defendant Fidelity National Title Insurance Company



("FNTIC"), hereby submit the following signed statement regarding this removed case, pursuant to this Court's May 25, 2021 order:

**1.  The date on which you were served with a copy of the complaint.**

As far as FNTIC is aware, plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") has not served the complaint.

**2.  The date on which you were served with a copy of the summons.**

As far as FNTIC is aware, Wells Fargo has not served the summons.

**3.  In removals based on diversity jurisdiction, the names of any served defendants who are citizens of Nevada, the citizenship of the other parties, and a summary of defendant's evidence of the amount in controversy.**

FNTIC is a Florida corporation with its principal place of business in Jacksonville, Florida. Thus, it is a citizen of Florida. 28 U.S.C. § 1332(c)(1).[1]

Defendant Fidelity National Title Group, Inc. ("FNTG") is a Delaware corporation with its principal place of business in Jacksonville, Florida. Thus, it is a citizen of Delaware and Florida. 28 U.S.C. § 1332(c)(1).[2]

Defendant Land Title of Nevada, Inc. ("Land Title") *was* a Nevada corporation that was dissolved over a decade ago, on September 24, 2010. Nevada has a statute of repose for claims against a dissolved entity; any claims *not* brought within three years of the dissolution are barred. N.R.S. § 78.585. All of plaintiff Wells Fargo Bank's causes of action against Land Title are inarguably time-barred, such that Land Title is a fraudulently-joined defendant.

Wells Fargo alleges that it is a national banking association with its main office in California. It is therefore a California citizen for diversity jurisdiction purposes. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (national bank association is citizen of state where its main office is located). Thus, there is complete diversity of citizenship between and among the parties.

---

[1]    Wells Fargo alleges in error that FNTIC is a Nebraska corporation. This does not affect the analysis of diversity jurisdiction.

[2]    Wells Fargo alleges in error that FNTG is a Florida corporation. This does not affect the analysis of diversity jurisdiction.


SINCLAIR
BRAUN LLP

1
2
3
4

The complaint in this action seeks both monetary and nonmonetary relief. Wells Fargo contends that it is the beneficiary of a deed of trust (the "Deed of Trust") recorded against that certain real property commonly known as 1628 Cordoba Lane, Las Vegas, Nevada 89109 (the "Property") to secure repayment of a $280,000.00 loan (the "Loan") to Brian Hee.

5
6
7
8

Wells Fargo alleges that, in conjunction with the recording of the Deed of Trust, FNTIC underwrote an ALTA loan policy of title insurance (the "Policy") in favor of Wells Fargo's alleged predecessor, Argent Mortgage Company, LLC. The "Amount of Insurance" listed on the face of the Policy is also $280,000.00.

9
10
11
12
13
14
15
16
17
18
19
20

Wells Fargo contends that the HOA for the Property foreclosed on an assessment lien on May 8, 2014. After the HOA foreclosed, the purchaser of the Property filed an action to quiet title to the property, Case No. A-14-706221-C (the "Underlying Action"). In paragraph 48 of its April 29, 2015 answer and counterclaim in the Underlying Action, Wells Fargo alleged that the fair market value of the property at the time of the HOA sale exceeded $200,000. The Notice of Breach and Default and of Election to Cause Sell of Real Property Under Deed of Trust recorded on June 25, 2014 as Instrument No. 201406250000094 states that the amount due on the loan as of June 18, 2014 was $104,547.48. FNTIC is informed and believes that no one has made payments on the Loan since the HOA foreclosed, such that the balance due on the Loan has only continued to climb in the last seven years. The Grant, Bargain, Sale Deed between Bruce and Ginger Hartshorn and Paul Citone recorded on October 31, 2018 as Instrument No. 201810310003257 denotes that the total value/sales price of the property was $320,000.00.

21
22
23
24
25
26
27
28

FNTIC is informed and believes that Wells Fargo seeks to recover the following sums: (i) the amount due and unpaid on the Loan (i.e., the sum of $104,547.48 as of June 18, 2014, which has increased over the last seven years); (ii) Wells Fargo's claimed loss stemming from its inability to foreclose on the Property (which was apparently worth over $200,000 on May 8, 2014, and $320,000 as of October 31, 2018); (iii) the attorney's fees Wells Fargo allegedly incurred in the Underlying Action; (iv) the attorney's fees Wells Fargo will incur in this action; and (v) punitive damages. Additionally, Wells Fargo seeks a judicial declaration that FNTIC must indemnify it up to the full "Amount of Insurance," i.e., $280,000. (ECF No. 1-1, ¶ 199.) Thus, the

SINCLAIR
BRAUN LLP

amount in controversy exceeds $75,000.

    **4. If your notice of removal was filed more than 30 days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.**

Not applicable.

    **5. In actions removed on the basis of the court's jurisdiction in which the state court action was commenced more than one year before the date of removal, the reasons this action should summarily be remanded to the state court.**

Not applicable.

    **6. The name of any defendant known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reason they did not.**

Not applicable.

Dated:  June 7, 2021           EARLY SULLIVAN WRIGHT
                           GIZER & McRAE LLP

                          By: _/s/-Scott E. Gizer_____
                            SCOTT E. GIZER
                            Attorneys for Defendant
                            FIDELITY NATIONAL TITLE INSURANCE
                            COMPANY

Dated:  June 7, 2021           SINCLAIR BRAUN LLP

                          By: _/s/-Kevin S. Sinclair_____
                            KEVIN S. SINCLAIR
                            Attorneys for Defendant
                            FIDELITY NATIONAL TITLE INSURANCE
                            COMPANY



SIGNED STATEMENT REGARDING REMOVED CASE