UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>　　　Plaintiff<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>　　　Defendants | Case No.: 2:21-cv-00996-APG-DJA<br><br>**Order Granting Motion to Remand and Denying Motion for Attorneys' Fees**<br><br>[ECF Nos. 8, 9] |

　　　Defendant Fidelity National Title Insurance Company (FNTIC) removed this case to this court before any defendant was served with process. Plaintiff Wells Fargo Bank, N.A. (WF) moves to remand the case to state court, claiming that removal is barred by the forum defendant rule of 28 U.S.C. § 1441(b)(2). The forum defendant rule bars removal based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The issue presented is whether a non-forum defendant may remove a case before any defendant was served when one of the defendants is a citizen of the forum state. Because removal of this case was premature, I grant the motion and remand the case. I deny WF's motion for attorneys' fees.

　　　WF filed this action in state court on May 24, 2021. WF sued Fidelity National Title Group, Inc., FNTIC, Land Title of Nevada, Inc. (Land Title), and various Doe Defendants. Land Title is the only defendant that is or was a Nevada entity. ECF No. 1 at 2.

　　　The same day the complaint was filed, FNTIC removed the case to this court. Obviously, none of the defendants had been served when the case was removed. This tactic of removing a diversity case before a forum defendant has been served is termed a "snap removal." The goal is

to avoid the bar against removal that exists when any defendant "properly joined and served" is a forum defendant. 28 U.S.C. § 1441(b)(2).  WF argues that removal was improper because Land Title is a forum defendant and FNTIC's snap removal violated § 1441(b)(2).  FNTIC responds that Land Title was fraudulently joined as a party, so it must be ignored for diversity purposes, and the fact it had not been served does not preclude removal.

**ANALYSIS**

"Federal courts are courts of limited jurisdiction. . . .  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (quotations omitted).  This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (quotation omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**A.   Land Title was not fraudulently joined.**

  1.   <u>WF asserts valid claims against Land Title.</u>

FNTIC argues I should ignore Land Title for removal purposes because WF fraudulently named it as a defendant solely to invoke the forum defendant rule.  FNTIC contends that the basis for this suit is WF's attempt to recover under a title insurance policy issued by FNTIC's predecessor in interest.  FNTIC asserts that Land Title is an agent, not an insurer, and thus has no contractual or legal obligation to indemnify WF under that policy.  WF responds that it is asserting claims and allegations against Land Title that go beyond the policy.

"[U]nder the fraudulent-joinder doctrine, joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (simplified). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

WF's complaint asserts potentially valid claims against Land Title.  It alleges that WF's predecessor contracted with Land Title to obtain a title policy, but that Land Title breached that contract by not providing the proper policy, and misrepresented that the policy it provided would cover losses ultimately caused by the lien that gave rise to this dispute. ECF No. 1-1 ¶¶ 43, 67, 116, 128, 138-142.  Among other claims, WF brings a deceptive trade practices claim against Land Title for "knowing misrepresentations regarding the characteristics and scope of coverage provided by" the policy Land Title was engaged to provide. *Id.* ¶¶ 150-170.

FNTIC has not shown by clear and convincing evidence that WF's claims against Land Title obviously fail under Nevada law.  FNTIC focuses on the obligations under the title policy, but it ignores WF's non-contractual claims and allegations regarding Land Title's alleged misrepresentations and violations of Nevada's deceptive trade practices statutes.  Land was not fraudulently joined.

    2. <u>WF's reasons for suing Land Title are irrelevant.</u>

FNTIC also argues that WF named Land Title as a defendant solely to avoid removal by invoking the forum defendant rule.  But WF's motivation for suing Land Title is irrelevant. "[T]he motive of the plaintiff, taken by itself, does not affect the right to remove.  If there is joint

liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert that right." *Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913). *See also Brooks v. Glencore Ltd.*, No. CV 2021-0251, 2022 WL 613292, at *4–5 (D.V.I. Mar. 1, 2022) ("Courts applying the fraudulent joinder doctrine have held that a plaintiff's motive in including a nondiverse defendant in order to defeat diversity jurisdiction does not establish fraudulent joinder.") (collecting cases). This principle applies to the forum defendant rule as well.

**B. Nevada's statute of repose for dissolved entities does not defeat remand.**

FNTIC argues that Land Title dissolved over 10 years ago, so WF's claims against it are barred by a statute of repose. FNTIC cites to Nevada Revised Statutes § 78.585, which requires claims against dissolved entities to be filed within two years of dissolution for pre-dissolution claims, and within three years of dissolution for post-dissolution claims. ECF No. 14 at 2. WF points out that the three-year repose language was added to that statute in 2013. Land Title dissolved in 2010, so WF argues that the previous version of the statute applies to claims against Land Title because a statute does not apply retroactively unless the Legislature expresses a clear intent for it to do so. ECF No. 19 at 5. The version of the statue in effect in 2010 did not bar post-dissolution claims. *Beazer Homes Nev., Inc. v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 97 P.3d 1132, 1138 (Nev. 2004). Whether § 78.585 bars WF's claims against Land Title is best resolved by the Nevada state court. At this point, WF has credible arguments that its claims against Land Title are not time-barred, so its claims do not obviously fail under Nevada law. *Weeping Hollow*, 831 F.3d at 1113.

And the fact that Land Title has no assets to satisfy a judgment does not mean it was fraudulently joined. "So long as Plaintiffs' complaint states a cause of action against [a defunct

4

entity], and so long as Plaintiffs intend to obtain a judgment against [the defunct entity], the Plaintiffs have a right to select the forum, to elect whether to sue joint tortfeasors, and to prosecute their own suit in their own way to a final determination." *Samples v. Conoco, Inc.*, 165 F. Supp. 2d 1303, 1320 (N.D. Fla. 2001) (collecting cases involving dissolved entities). Land Title's dissolved status does not mean it was fraudulently joined.

Land Title was not fraudulently joined as a defendant in this case. Because it is a forum defendant, § 1441(b)(2) applies.

### C. FNTIC's snap removal was improper under 28 U.S.C. § 1441(b)(2).

FNTIC also argues that even if Land Title is a legitimate defendant, it had not been served at the time of removal. Thus, FNTIC contends that § 1441(b)(2) is not a bar to removal because Land Title had not been "properly joined and served" as required under the statute. WF responds that snap removals like this violate the purpose of § 1441(b)(2), which is to preserve a plaintiff's choice of a state court forum by suing a proper forum defendant. The question is thus whether a non-forum defendant is permitted to remove a diversity case before any defendants have been served.

I have previously ruled that the purposes underlying § 1441(b)(2) are better served by disallowing removal before any defendant is served. *See*, *e.g.*, *HSBC Bank USA, N.A. as Tr. for People's Choice Home Loan Sec. Tr. Series 2005-2 v. Old Republic Nat'l Ins. Grp., Inc.*, No. 2:20-cv-01838-APG-VCF, 2020 WL 7360679, at *2-3 (D. Nev. Dec. 15, 2020); *Wells Fargo Bank, N.A. as Tr. of Holders of Harborview Mortg. Loan Tr. Mortg. Loan Pass-Through Certificates, Series 2006-12 v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01849-APG-NJK, 2020 WL 7388621, at *2-3 (D. Nev. Dec. 15, 2020). FNTIC's latest arguments in favor of snap removal do not move me to change my opinion.

FNTIC's removal was premature because no defendant had been served. As a result, I must remand the case to state court. I deny WF's motion for attorneys' fees because, while removal was improper it was not frivolous or objectively unreasonable. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

**CONCLUSION**

I THEREFORE ORDER that WF's motion to remand **(ECF No. 8) is granted** and its motion for attorneys' fees **(ECF No. 9) is denied**. This case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 26th day of March, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE